# Exhibit G

**AMERICAN ARBITRATION ASSOCIATION**

**CLARE LOCKE LLP,**

      Claimant,

v.

**KYTCH, INC.,**

      Respondent.

Case No. 01-24-0002-9516

**DECISION AND ORDER ON CLAIMANT'S REQUEST
TO ENFORCE THE EMERGENCY AWARD AND FOR SANCTIONS**

Claimant Clare Locke LLP has filed an application, dated April 5, 2024, to enforce the Decision and Order on Claimant's Request for Emergency Injunctive Relief (the "Emergency Award") and for sanctions on Respondent Kytch, Inc. for willful defiance of the Emergency Award.[1] The Emergency Award directed Kytch to "immediately provide Claimant with the Settlement Documents and, if not yet final, drafts or term sheets describing the material terms of the agreements." Claimant asserts that Respondent has willfully failed to provide it with copies of the Settlement Documents.

By letter dated April 9, 2024, Respondent responded that the "potential settlement of the Kytch litigation has not been finalized, and Kytch does not possess any drafts of settlement agreements or terms sheets" and there is a mediator's proposal "describing the terms of a potential settlement" but it is not a draft settlement agreement or term sheet and is "exempt from disclosure under all relevant mediation and settlement privileges."[2] By letter dated April 10, 2024, Claimant asserted in reply that it is

---

[1] Undefined terms shall have the meaning set forth in the Emergency Award.

[2] Respondent also reiterated its continuing objection to the arbitrability of Claimant's claims and the jurisdiction of the AAA and the Emergency Arbitrator. In its letter, Respondent also reiterated that this

1

inconceivable that Respondent does not have any documents reflecting the terms of the settlements because Respondent has reported to multiple courts that the parties to the Kytch Litigation have "tentatively reached an agreement" that they are "working to finalize" and have a "tentative agreement to settle the litigation."[3]

      A hearing was held on April 11, 2024.  Claimant argued that Respondent should be sanctioned for failing to provide documents reflecting the terms of the tentative settlement of the Kytch Litigation as required by the Emergency Award.  Respondent disagreed, representing that the only document reflecting the material terms of the settlement is the mediator's proposal, which was accepted by the parties but is exempt from disclosure under California Evidence Code 1119(b). Respondent further claimed, without further explanation or support, that this arbitration and further disclosure requirements could threaten the settlement of the Kytch Litigation.  Claimant argued that it has no interest in frustrating the settlement, its primary focus and desire is to discover the settlement amount, and there would be no prejudice to Kytch to disclose the settlement amount as Claimant will maintain the confidentiality of the documents. Respondent stated that the settlement amount is reflected in other documents, and that it had requested consent from the defendants in the Kytch Litigation to disclose the figure as well as the mediator's proposal, but it has not yet received consent.  Subsequent to the hearing, the parties exchanged correspondence concerning Respondent's offer to provide Claimant with the mediator's proposal on condition that Claimant agree to maintain the

---

arbitration has been stayed by MFAA proceedings before the California bar, however, at the hearing, Respondent acknowledged its MFAA Complaint was rejected by the California bar for lack of jurisdiction.

[3] Claimant also disputes that the mediator's proposal is protected from disclosure.

information in strict confidence, however, the parties have not reported a consensual resolution.

Having considered the parties' submissions and having heard argument from the parties, I am denying Claimant's request for sanctions. There has been no evidence presented on this record that Respondent has willfully withheld final Settlement Documents or drafts of the settlement agreements or term sheets describing the material terms of the agreements. The Emergency Award directed Respondent to produce "Settlement Documents and, if not yet final, drafts or term sheets describing the material terms of the agreements." However, the Emergency Award did not define "drafts" or "term sheets" or direct Respondent to produce *other* documents describing the material terms of the agreements. While the Emergency Award could reasonably be (and arguably should have been) construed as covering other documents describing the material terms of the agreements, it did not expressly cover such documents. And while Respondent stayed the Kytch Litigation "to finalize and execute the settlement agreement," which suggested that drafts were in existence, Respondent asserts there are no drafts.[4] Moreover, Respondent sought and obtained consent from its adversaries in the Kytch Litigation to share the mediator's proposal with Claimant. Accordingly, inasmuch as Respondent has complied with a strict reading of the Emergency Award and offered to provide additional disclosure, an award of sanctions for willful defiance of the Emergency Award is not warranted on the current record.

---

[4] Claimant suggests that Respondent's claims should be rejected because it provided only a letter from its counsel but no sworn statement in opposition to Claimant's request for sanctions. However, conformity to legal rules of evidence is not necessary under the Commercial Arbitration Rules, and it has not been demonstrated on the present record that counsel for Respondent is not conducting himself in accordance with his ethical obligations and the AAA's Standards of Conduct for Parties and Representatives.

At the same time, the spirit of the Emergency Award was that Respondent would produce not just formal drafts of settlement agreements and formal term sheets but also other documents reflecting the material terms of the settlements if the settlement agreements were not final. Respondent represented that there are no documents aside from the mediator's proposal that reflect all materials terms of the settlement, but he conceded that the mediation is over and there are documents aside from the mediator's proposal that reflect the key term of the settlement. Respondent also confirmed after the hearing that it is willing to provide the mediator's proposal on condition that Claimant maintain the document in strict confidence.

Accordingly, in response to Claimant's request to enforce and/or clarify the Emergency Award, and in an exercise of my discretion, I am hereby amending, clarifying and supplementing the Emergency Award to direct Respondent to provide Claimant with the mediator's proposal and documents sufficient to show that Kytch and its adversaries in the Kytch Litigation have accepted it (as is or with modifications) immediately upon Respondent's receipt of a certification under oath or penalty of perjury from Thomas A. Clare or Elizabeth M. Locke that they and Claimant will maintain the terms of the mediator's proposal in strict confidence and use it only as needed to resolve Claimant's disputes with Kytch and related actors.

The costs associated with Claimant's request to enforce the Emergency Award and for sanctions should be borne equally by the parties.

Dated: April 12, 2024

                                              s/*Howard W. Schub*
                                              Howard Schub, Emergency Arbitrator