**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| CLARE LOCKE LLP, | ) | |
| | ) | |
| *Petitioner*, | ) | **Case No. 1:24-cv-00545** |
| | ) | |
| v. | ) | |
| | ) | **DECLARATION OF** |
| KYTCH, INC., | ) | **DANIEL P. WATKINS** |
| | ) | |
| *Respondent*. | ) | |
| | ) | |

**DECLARATION OF DANIEL P. WATKINS**

Pursuant to 28 U.S.C. § 1746, I, Jeremy O'Sullivan, declare and say as follows:

1.     I have personal knowledge of the matters set forth in this Declaration, and I am competent to testify as to them. I write this Declaration in support of Kytch's Opposition to Clare Locke LLP's Petition to Confirm Interim Arbitral Awards.

2.     I have represented Kytch, Inc. since November 2020.

3.     I joined Clare Locke as an associate attorney in June of 2016, and I was appointed as a non-equity partner effective January 1, 2021. I didn't have any other titles during my tenure at the firm. I resigned from Clare Locke on August 3, 2023, and founded the law firm Meier Watkins Phillips Pusch LLP.

4.     Kytch retained Clare Locke in November 2020 in connection with its dispute against McDonald's, Taylor Company, TFGroup LLC, and Tyler Gamble.

5.     I serve as counsel of record for Kytch in the cases currently pending in the Superior Court for Alameda County (Case No. RG21099155), the Northern District of California (Case No. 3:23-cv-01998), and the Third Circuit (Case No. 23-1810).

6.      In connection with the Alameda County action, Judge Jenna Whitman ordered the parties to the litigation to complete mediation by March 19, 2024. I understand that California's mediation privilege applied to those proceedings.

7.      In March 2024, the parties engaged in settlement discussions. On March 20, 2024, Clare Locke sent a letter to the parties in the Kytch litigations. That letter is enclosed as **Exhibit A.**

8.      I responded to this letter on Kytch's behalf. I contacted C. Bryan Wilson of Williams & Connolly LLP, and informed him that Kytch would not disburse settlement funds in a manner inconsistent with Clare Locke's putative attorneys' lien. I also informed him that California's mediation privilege and settlement confidentiality rules prohibited me from sharing the details of any potential settlement.

9.      In addition, I told Mr. Wilson that I believed Clare Locke's communications to the Defendants and its attempts to insert itself in the settlement discussions created serious problems. I went on to explain that I believed that Clare Locke may jeopardize the settlement that the parties were attempting to negotiate and finalize.

10.     On March 21, 2024, Clare Locke, through counsel, sent a proposal to Kytch that it said would "maintain the status quo" and "minimize litigation costs" for Kytch and Clare Locke. In the proposal, Clare Locke asked Kytch to agree that it would refrain from distributing settlement proceeds until 45 days after the cases are resolved. Clare Locke also proposed that the parties should work together to identify suitable escrow options and reasonable disbursement terms while Clare Locke's fee dispute with Kytch was pending.

11.     Attached as **Exhibit B** is the March 25, 2024 Notice of Objection to Dismissal filed by Clare Locke in the Northern District of California.

12.     I notified Clare Locke that, as of April 2, 2024, Kytch did not possess, and was unaware of the existence of, any draft settlement agreements in connection with the Kytch litigations. Kytch subsequently sought and obtained permission from the defendants in the Kytch litigations to share with Clare Locke (1) the monetary sum of the potential settlement and (2) the terms of the mediator's confidential proposal from March 7, 2024. Kytch shared this information with Clare Locke.

13.     To date, the Defendants have prohibited Kytch from disclosing to Clare Locke the terms of any draft settlement agreements.

14.     I learned about the present litigation from a Bloomberg Law reporter who indicated that Clare Locke sent the filing to the outlet. The reporter also stated that Clare Locke provided the following statement:

> Clare Locke's petition for confirmation of AAA's emergency injunction sets forth in detail the true motivation for the sudden departure of the firm's four former partners: to try to take for themselves a multi-million-dollar contingency-fee case.

15.     Four days later, Clare Locke, through counsel, contacted me to discuss this litigation for the first time.

16.     I recently learned that Clare Locke, through counsel, has contacted at least one of the defendants in the Kytch litigations to try to learn details about the settlement negotiations. After discovering this information, I reiterated my concerns that Clare Locke's intrusions would blow up settlement discussions and jeopardize my ability to settle Kytch's claims.

I declare under penalty of perjury that the foregoing is true and correct.

**Dated**: April 30, 2024

Daniel P. Watkins

# EXHIBIT A

LAW OFFICES

## WILLIAMS & CONNOLLY LLP®

C. BRYAN WILSON
(202) 434-5428
CWilson@wc.com

680 MAINE AVENUE SW

WASHINGTON, DC 20024

(202) 434-5000

WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 20, 2024

Via Email and First Class Mail

Counsel of Record
[See Attached Distribution List]

      Re:    Clare Locke LLP's Attorneys' Liens in Kytch Litigation

Dear Counsel:

      I write on behalf of Clare Locke LLP regarding its pending attorneys' liens in the ongoing Kytch litigation pending in Case No. RG21099155 in Superior Court in Alameda County, California; Case No. 23-1810 in the United States Court of Appeals for the Third Circuit; Case No. 22-606 in the United States District Court for the District of Delaware; and Case No. 3:23-cv-01998-TSH in the United States District Court for the Northern District of California. As you participate in mediation or other efforts to reach a settlement of these matters, please keep in mind that Clare Locke's liens need to be satisfied as a condition of any settlement. Failure to do so could subject the parties—both plaintiffs and defendants—to liability.

      Clare Locke acquired a lien pursuant to Virginia Code § 54.1-3932 on Kytch's causes of action in November 2020 when Clare Locke contracted with Kytch to represent it. On November 24, 2023, Clare Locke gave written notice of its liens to Kytch, opposing counsel, and the relevant clerks of court. *See* Exhibits A–D. Thus, "any settlement" that the parties may purport to reach in any of the Kytch matters "is void against the lien[s]" that Clare Locke maintains. Va. Code § 54.1-3932.

      Given the parties' longstanding actual knowledge of Clare Locke's asserted liens, the parties to the Kytch lawsuits cannot settle their cases without accounting for and addressing Clare Locke's liens. "[N]either the [former] client nor the opposing party, if the latter has knowledge of the attorney's rights under the contingent fee agreement, can so compromise the litigation as to defeat the [lien-holding] attorney's rights." *Epstein v. Abrams*, 67 Cal. Rptr. 2d 555, 562 (Cal. Ct. App. 1997) (quotations and citations omitted). To do so would be both "improper" and "unwise." *Id.* at 561; *see also Katopodis v. Liberian S/T Olympic Sun*, 282 F. Supp. 369, 371 (E.D. Va. 1968) (calling attempts to settle an action without providing for an attorney's lien "reprehensible").

      Moreover, to do so could subject the parties to liability. A defendant that settles litigation "in bad faith or to prevent the [lien-holding] attorney from collecting his fee . . . is liable therefor."

WILLIAMS & CONNOLLY LLP®

March 20, 2024
Page 2

*Katopodis*, 282 F. Supp. at 371.  In such cases, a discharged attorney "is entitled to recover of defendant [the] fee for his services . . . , plus his out-of-pocket expenses[.]"  *Id.*

Any attempt to settle these cases that does not address Clare Locke's liens will delay the resolution of the case.  A court cannot approve a settlement that fails to provide for Clare Locke's lien.  *See Epstein*, 67 Cal. Rptr. 2d at 561 ("A Settlement Is Not Entitled to Court Approval Where It Constitutes an Attempt to Defeat an Existing Attorney's Lien."); *see also Katopodis*, 282 F. Supp. at 371 ("[T]he courts will not approve or permit" settlements that prevent a lien-holding attorney from collecting his fee.).  Accordingly, "[t]he settlement proceeds will thus be tied up until everyone involved can agree" on how to provide for the lien or until the issue is decided in "an independent action for declaratory relief."  *Carroll*, 121 Cal. Rptr. 2d at 535 (alteration in original).  Presumably none of the parties or counsel involved want such delays.

Additionally, Kytch's attorneys are duty-bound to inform Clare Locke of the fact and amount of any purported settlement.  *See* State Bar of Calif., Standing Comm. on Pro. Responsibility & Conduct, Formal Opinion No. 2008-175 (discussing attorneys' ethical obligations to a lien-holding attorney); *see also* District of Columbia Bar, Ethics Opinion 379 (adopting the approach from California's Formal Opinion 2008-175).

We learned this afternoon that a compliance hearing relating to dismissal has been scheduled for next Monday, March 25, 2024 in the Alameda County action.  From this, we infer that the parties have reached a purported settlement.  Kytch's attorneys, however, have not notified Clare Locke of the fact or amount of any settlement and Clare Locke's liens have not been satisfied or even addressed.  ***If the parties to these cases intend to settle one or more of these actions, they cannot effectively do so in the face of Clare Locke's liens.***

Please advise as soon as possible, and no later than tomorrow, March 21, 2024, of the status of the apparent settlement discussions.  Clare Locke objects to to any dismissal of the causes of action or distribution of settlement funds absent its consent, and will take all necessary action against any and all parties to protect its interests.

We look forward to hearing from you soon.

Sincerely,

C. Bryan Wilson
*Counsel to Clare Locke LLP*

## Distribution List

Megan L. Meier, Esq.
megan.meier@mwpp.com
Daniel P. Watkins, Esq.
daniel.watkins@mwpp.com
Amy McCann Roller, Esq.
amccannroller@mwpp.com
Mark Thomson, Esq.
mark.thomson@mwpp.com
Hannah Menchel, Esq.
hannah.menchel@mwpp.com
Meier Watkins Phillips Pusch LLP
919 18th Street, NW, Suite 650
Washington, DC 20006

Jason Sheasby, Esq.
jsheasby@irell.com
Irell & Manella
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Brian E. Farnan, Esq.
bfarnan@farnanlaw.com
Michael J. Farnan, Esq.
mfarnan@farnanlaw.com
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801

David V. Roth, Esq.
david.roth@manningkass.com
Anthony J. Ellrod, Esq.
anthony.ellrod@manningkass.com
Natalya Vasyuk, Esq.
natalya.vasyuk@manningkass.com
Chandra Carr, Esq.
chandra.carr@manningkass.com
Manning & Kass, Ellrod, Ramirez, Trester LLP
One California Street, Suite 900
San Francisco, CA 94111

Tim M. Agajanian, Esq.
tim.agajanian@ropers.com
James C. Hildebrand, Esq.
james.hildebrand@ropers.com
Ropers Majeski Kohn Bentley PC

445 South Figueroa Street, 30th Floor
Los Angeles, CA 90071

Kevin W. Isaacson, Esq.
kevin.isaacson@ropers.com
Paula B. Nystrom, Esq.
paula.nystrom@ropers.com
Ropers Majeski Kohn Bentley PC
333 West Santa Clara Street Suite 910
San Jose, CA 95113

Lance A. Etcheverry, Esq.
lance.etcheverry@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue, Suite 1400
Palo Alto, CA 94301

Noelle M. Reed, Esq.
noelle.reed@skadden.com
Andrew J. Fuchs, Esq.
andrew.fuchs@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002

Edward B. Micheletti, Esq.
edward.micheletti@skadden.com
Sarah Runnells Martin, Esq.
sarah.martin@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
920 North King Street
Wilmington, DE 19801

Shay Dvoretzky, Esq.
shay.dvoretzky@skadden.com
Parker Rider-Longmaid, Esq.
parker.rider-longmaid@skadden.com
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005

Allen L. Lanstra, Esq.
allen.lanstra@skadden.com
Winston P. Hsiao, Esq.
winston.hsiao@skadden.com
Raza Rasheed, Esq.
raza.rasheed@skadden.com

Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Anne Shea Gaza, Esq.
agaza@ycst.com
Elena C. Norman, Esq.
enorman@ycst.com
Samantha G. Wilson, Esq.
swilson@ycst.com
Young Conaway Stargatt & Taylor, LLP
1000 North King Street
Wilmington, DE 19801

Catherine Y. Lui, Esq.
clui@orrick.com
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105

Kristopher R. Wood, Esq.
kristopher.wood@orrick.com
Catherine L. Malone, Esq.
cmalone@orrick.com
Orrick, Herrington & Sutcliffe LLP
2050 Main Street, Suite 1100
Irvine, CA 92614

# EXHIBIT B

1 | Jered T. Ede (SBN 273440)
      jered@clarelocke.com
2 | CLARE LOCKE LLP
    10 Prince Street
3 | Alexandria, Virginia 22314
    Telephone: (202) 628-7400
4 | Facsimile:  (202) 478-0475

5 | *Attorney for Clare Locke LLP*

6

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTICT OF CALIFORNIA**

11 | **SAN FRANCISCO DIVISION**

12 | KYTCH, INC.,                              CASE No. 23-CV-01998-TSH

13 |                    Plaintiff,            **NOTICE OF OBJECTION TO**
                                               **DISMISSAL IN LIGHT OF**
14 |         v.                               **ATTORNEYS' LIEN**

15 | MCDONALD'S,

16 |                    Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

PLEASE TAKE NOTICE THAT the undersigned, Clare Locke LLP, through its attorney Jered T. Ede, objects to any dismissal of this matter in light of Clare Locke's pending and unsatisfied attorneys' lien.

Clare Locke previously represented the plaintiff, Kytch, Inc., in this matter. In November 2020 when Clare Locke contracted with Kytch to represent it, Clare Locke acquired a lien pursuant to Virginia Code § 54.1-3932 on Kytch's causes of action. Clare Locke subsequently withdrew as counsel to Kytch. On November 24, 2023, Clare Locke gave written notice of its attorneys' liens to Kytch, opposing counsel, and the relevant clerks of court, including the clerk of court in Alameda County. *See* Exhibits A–D. Thus, "any settlement" that the parties may purport to reach in any of the Kytch matters "is void against the lien[s]" that Clare Locke maintains. Va. Code § 54.1-3932. Additionally, this Court cannot approve a settlement or dismiss the case in the face of Clare Locke's lien. *See Epstein v. Abrams*, 67 Cal. Rptr. 2d 555, 561 (Cal. Ct. App. 1997).

Nonetheless, Clare Locke has recently learned that the parties to this case may have purported to reach a settlement, and that on March 15, 2024, this Court entered a Stipulation To Stay Action and Order (Dkt. 53) whereby the parties advised, "on March 14, 2024, the parties tentatively reached an agreement for settlement of both the Alameda Litigation and the N.D. Cal. Litigation, which they are working to finalize" and sought the Court's consent (which the Court granted) to stay the action "to allow the Parties to finalize and execute the settlement agreement." *Id.* at 2.

Clare Locke was not consulted about any settlement, and its attorneys' liens have not been addressed or satisfied. Unless and until Clare Locke's attorneys' liens have been satisfied, "[t]he settlement proceeds will thus be tied up until everyone involved can agree" on how to resolve the lien or until the issue is decided in "an independent action for declaratory relief." *Carroll v. Interstate Brands Corp.*, 121 Cal. Rptr. 2d 532, 535 (Cal. Ct. App. 2002) (alteration in original). Clare Locke has instituted that independent action in accordance with the dispute resolution provision specified in its agreement with Kytch.

1    Clare Locke respectfully requests that the Court deny any request for dismissal or other

2 settlement approval from any party until Clare Locke's attorneys' liens have been resolved; that the

3 Court provide notice and an opportunity for Clare Locke to be heard in connection with any such

4 request; and for all other just and appropriate relief.  Clare Locke reserves the right to file a motion

5 or other appropriate process in connection with its objection and attorneys' lien.

6

7

Dated:        March 25, 2024              Respectfully Submitted,

8
                                          CLARE LOCKE LLP
9                                         By: /s/ Jered T. Ede
                                          Jered T. Ede SBN 273440
10
                                          *Attorney for Clare Locke LLP*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing the following: MOTION TO WITHDRAW AS COUNSEL.

By: */s/ Jered T. Ede*
Jered T. Ede

**Meier Watkins Phillips Pusch LLP**
Daniel P. Watkins
Amy McCann Roller
1629 K Street N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 318-3655
daniel.watkins@mwpp.com
amccannroller@mwpp.com

**Irell & Manella**
Jason Sheasby SBN 205455
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4267
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
jsheasby@irell.com

*Attorneys for Kytch, Inc.*

**Orrick, Herrington & Sutcliffe LLP**
Catherine Y. Lui
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(415) 773-5700
clui@orrick.com

Kristopher R. Wood
Catherine L. Malone
2050 Main Street, Suite 1100
Irvine, CA 92614
(949) 567-6700
kristopher.wood@orrick.com
cmalone@orrick.com

1    **Young Conaway Stargatt & Taylor, LLP**
     Elena C. Norman (No. 4780)
2    Anne Shea Gaza (No. 4093)
     Samantha G. Wilson (No. 5816)
3    Rodney Square
     1000 North King Street
4    Wilmington, DE 19801
     (302) 571-6600
5    enorman@ycst.com
     agaza@ycst.com
6    swilson@ycst.com

7    *Attorneys for Defendant McDonald's Corporation*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF OBJECTION TO DISMISSAL IN LIGHT OF ATTORNEYS' LIEN
5

# EXHIBIT A

Elizabeth M. Locke, P.C (*pro hac vice*)
libby@clarelocke.com
Jered T. Ede (SBN 273440)
jered@clarelocke.com
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Facsimile: (202) 478-0475

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| KYTCH, INC., | CASE NO: RG21099155 |
| Plaintiff, | ASSIGNED TO ALL PURPOSES TO: Hon. Michael Markman & Jenna Whitman Department 14 |
| v. | **NOTICE OF CLAIM OF LIEN FOR ATTORNEY FEES PURSUANT TO VA. CODE § 54.1-3932** |
| JONATHAN TYLER GAMBLE; TFGROUP LLC; AND TAYLOR COMMERCIAL FOODSERVICE, LLC DBA TAYLOR COMPANY, | |
| Defendants. | |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**YOU ARE HEREBY NOTIFIED** that pursuant to Virginia Code § 54.1-3932, the attorney named below has claimed a lien upon the cause of action asserted by the client(s) or former client(s) named above as security for the contracted fees for services rendered in relation to the cause of action or claim asserted in the caption.

| ATTORNEY: | CLIENT: |
|---|---|
| Clare Locke LLP 10 Prince Street Alexandria, Virginia 22314 tom@clarelocke.com libby@clarelocke.com (202) 628-7400 | Kytch, Inc. 3327 Seldon Court Fremont, CA 94537 |

Written notice of this lien is being given either within 45 days of the end of representation or (a) in causes of action sounding in tort or for liquidated or unliquidated damages on contract, before settlement or adjustment, whichever is earlier or (b) in cases of annulment or divorce, before final judgment is entered, whichever is earlier.

**NOTICE FURTHER**: that the lien arises from a contract entered into between attorney and client that expressly chooses Virginia law and requires arbitration of any dispute thereunder in Virginia administered by the American Arbitration Association. It is anticipated that any dispute as to the validity and amount of the lien must and will be determined in arbitration.

**NOTICE FURTHER**: that pursuant to Virginia Code § 54.1-3932, written notice of this lien will be provided by the undersigned to the clerk of the court in which a case may be pending, including the clerk of the Superior Court for the State of California in the County of Alameda.

**Description of cause of action or claim upon which a lien is asserted**: Actions for damages and other relief under statutory and common law of tortious interference with contractual relations, intentional interference with business expectancy, trade libel/defamation, violation of the California Computer Data Access and Fraud Act, violation of the California Uniform Trade Secrets Act, violation of California Business & Professions Code § 17200 et seq., violation of California Business & Professions Code § 17500 et seq., breach of contract, and related claims, as set forth more particularly in the pleadings in the captioned action.

I, the undersigned counsel, certify that I have caused to be served a copy of this written notice to my former client(s) listed above. I have also caused to be served a copy of this written notice to the parties' attorneys or agents listed below:

| | |
|---|---|
| 1 | **Attorneys for Plaintiff KYTCH. INC.** |
| 2 | JASON SHEASBY |
| | jsheasby@irell.com |
| 3 | IRELL & MANELLA |
| | 1800 Avenue of the Stars. Suite 900 |
| 4 | Los Angeles. California 90067-4267 |
| | Telephone: (310) 277-1010 |
| 5 | Facsimile: (310) 203-7199 |
| 6 | DANIEL P. WATKINS |
| | daniel.watkins@mwpp.com |
| 7 | AMY MCCANN ROLLER |
| | amccannroller@mwpp.com |
| 8 | MEIER WATKINS |
| | PHILLIPS PUSCH LLP |
| 9 | 1629 K Street, NW, Suite 300 |
| | Washington, DC 20006 |
| 10 | |

**Attorneys for Defendant TFGROUP LLC**
TIM M. AGAJANIAN
tim.agajanian@ropers.com
PAULA B. NYSTROM
paula.nystrom@ropers.com
NANCY BATCHELDER
nancy.batchelder@ropers.com
KEVIN W. ISAACSON
kevin.isaacson@ropers.com
ROPERS MAJESKI
KOHN BENTLEY PC
445 S. Figueroa St.. 30th Floor
Los Angeles. California 90071
333 W Santa Clara St Suite 910
San Jose. CA 95113
Telephone: (213) 312-2000
Facsimile: (213) 312-2001
Facsimile: (408) 918-4501

| | |
|---|---|
| 11 | **Attorneys for Defendants JONATHAN** |
| 12 | **TYLER GAMBLE. and J.L. GAMBLE**
**MANAGEMENT LLC DBA**
**MCDONALD'S** |
| 13 | DAVID V. ROTH |
| | dvr@manningllp.com |
| 14 | ANTHONY J. ELLROD |
| | aje@manningllp.com |
| 15 | NATALYA VASYUK |
| | ndv@manningllp.com |
| 16 | MANNING & KASS. ELLROD. |
| | RAMIREZ. TRESTER LLP |
| 17 | One California Street. Suite 900 |
| | San Francisco. California 94111 |
| 18 | Telephone: (415) 217-6990 |
| 19 | |

**Attorneys for Defendant TAYLOR COMMERCIAL FOODSERVICE LLC dba TAYLOR COMPANY**
LANCE A. ETCHEVERRY
lance.etcheverry@skadden.com
RAZA RASHEED
raza.rasheed@skadden.com
WINSTON HSIAO
winston.hsaio@skadden.com
ANDREW FUCHS
andrew.fuchs@skadden.com
SKADDDEN ARPS SLATE
MEAGHER & FLOM
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-3170
Facsimile: (650) 798-6570

| | |
|---|---|
| 20 | |
| 21 | |
| 22 | Date: November 24, 2023 |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

CLARE LOCKE LLP

By: _____
Thomas A. Clare, P.C.
Elizabeth M. Locke, P.C.

10 Prince Street
Alexandria, Virginia 22314
tom@clarelocke.com
libby@clarelocke.com
(202) 628-7400

NOTICE OF CLAIM OF LIEN FOR ATTORNEY FEES

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KYTCH, INC. | |
| Plaintiff, | |
| v. | Case No. 22-606 (MN) |
| TAYLOR COMMERCIAL FOODSERVICE DBA TAYLOR COMPANY, | |
| Defendant. | |

## NOTICE OF CLAIM OF LIEN FOR ATTORNEY FEES

ATTORNEY:

Clare Locke LLP
10 Prince Street
Alexandria, Virginia 22314
tom@clarelocke.com
libby@clarelocke.com
(202) 628-7400

CLIENT:

Kytch, Inc.
3327 Seldon Court
Fremont, CA 94537

**NOTICE:** Pursuant to Va. Code § 54.1-3932, the attorney named above has claimed a lien upon the cause of action asserted by the client(s) or former client(s) named above as security for the contracted fees for services rendered in relation to the cause of action or claim asserted in the caption. Written notice of this lien is being given either within 45 days of the end of representation or (a) in causes of action sounding in tort or for liquidated or unliquidated damages on contract, before settlement or adjustment, whichever is earlier or (b) in cases of annulment or divorce, before final judgment is entered, whichever is earlier.

**NOTICE FURTHER**: that the lien arises from a contract entered into between attorney and client that expressly chooses Virginia law and requires arbitration of any dispute thereunder in Virginia administered by the American Arbitration Association. It is anticipated that any dispute as to the validity and amount of the lien must and will be determined in arbitration.

**NOTICE FURTHER**: that pursuant to Virginia Code § 54.1-3932, written notice of this lien will be provided by the undersigned to the clerk of the court in which a case may be pending, including the clerk of the U.S. District Court for the District of Delaware.

**Description of cause of action or claim upon which a lien is asserted**: actions for damages and other relief under the Lanham Act, and related claims, as set forth more particularly in the pleadings in the captioned action.

I, the undersigned counsel, certify that I have caused to be served a copy of this written notice to my former client(s) listed above. I have also caused to be served a copy of this written notice to the opposing parties' attorneys or agents listed below.

**Attorneys for Plaintiff KYTCH, INC.**
Jason Sheasby
jsheasby@irell.com
IRELL & MANELLA
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4267
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Daniel P. Watkins
daniel.watkins@mwpp.com
MEIER WATKINS
PHILLIPS PUSCH LLP
1629 K Street, NW, Suite 300
Washington, DC 20006

Brian E. Farnan
bfarnan@farnanlaw.com
Michael J. Farnan
mfarnan@farnanlaw.com
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301

**Attorneys for Defendant-Appellee
TAYLOR COMMERCIAL
FOODSERVICE LLC, dba TAYLOR
COMPANY**
Edward B. Micheletti, Esq.
edward.micheletti@skadden.com
Sarah Taylor Runnells Martin, Esq.
sarah.runnells@skadden.com
SKADDEN ARPS SLATE
MEAGHER & FLOM
One Rodney Square
920 N King Street, 7th Floor
Wilmington, DE 19801
Telephone: 302-651-3220
Facsimile: 302-651-3001

Date: November 24, 2023

CLARE LOCKE LLP

By: _____
Thomas A. Clare
Elizabeth M. Locke

10 Prince Street
Alexandria, Virginia 22314
tom@clarelocke.com
libby@clarelocke.com
(202) 628-7400

# EXHIBIT C

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | |
|---|---|
| KYTCH, INC. | Case No. 23-1810 |
| *Plaintiff-Appellant,* | |
| v. | On Appeal from the U.S. District Court for the District of Delaware (Case No. 1:22-CV-00606-MN Hon. Maryellen Norieka) |
| TAYLOR COMMERCIAL FOODSERVICE DBA TAYLOR COMPANY, | |
| *Defendant-Appellee.* | |

## NOTICE OF CLAIM OF LIEN FOR ATTORNEY FEES

ATTORNEY:

Clare Locke LLP
10 Prince Street
Alexandria, Virginia 22314
tom@clarelocke.com
libby@clarelocke.com
(202) 628-7400

CLIENT:

Kytch, Inc.
3327 Seldon Court
Fremont, CA 94537

**NOTICE:** Pursuant to Va. Code § 54.1-3932, the attorney named above has claimed a lien upon the cause of action asserted by the client(s) or former client(s) named above as security for the contracted fees for services rendered in relation to the cause of action or claim asserted in the caption. Written notice of this lien is being given either within 45 days of the end of representation or (a) in causes of action sounding in tort or for liquidated or unliquidated damages on contract, before settlement or adjustment, whichever is earlier or (b) in cases of annulment or divorce, before final judgment is entered, whichever is earlier.

**NOTICE FURTHER**: that the lien arises from a contract entered into between attorney and client that expressly chooses Virginia law and requires arbitration of any dispute thereunder in Virginia administered by the American Arbitration Association. It is anticipated that any dispute as to the validity and amount of the lien must and will be determined in arbitration.

**NOTICE FURTHER**: that pursuant to Virginia Code § 54.1-3932, written notice of this lien will be provided by the undersigned to the clerk of the court in which a case may be pending, including the clerk of the U.S. Court of Appeals for the Third Circuit.

**Description of cause of action or claim upon which a lien is asserted**: actions for damages and other relief under the Lanham Act, and related claims, as set forth more particularly in the pleadings in the captioned action.

I, the undersigned counsel, certify that I have caused to be served a copy of this written notice to my former client(s) listed above. I have also caused to be served a copy of this written notice to the opposing parties' attorneys or agents listed below.

**Attorneys for Plaintiff KYTCH, INC.**
Jason Sheasby
jsheasby@irell.com
IRELL & MANELLA
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4267
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Daniel P. Watkins
daniel.watkins@mwpp.com
Mark Thomson
mark.thomson@mwpp.com
MEIER WATKINS
PHILLIPS PUSCH LLP
1629 K Street, NW, Suite 300
Washington, DC 20006

Brian E. Farnan
bfarnan@farnanlaw.com
Michael J. Farnan
mfarnan@farnanlaw.com
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301

**Attorneys for Defendant-Appellee
TAYLOR COMMERCIAL
FOODSERVICE LLC, dba TAYLOR
COMPANY**
Shay Dvoretzky
shay.dvoretzky@skadden.com
Parker Rider-Longmaid
parker.rider-longmaid@skadden.com
Edward B. Micheletti
edward.micheletti@skadden.com
SKADDEN ARPS SLATE
MEAGHER & FLOM
1440 New York Avenue NW
Washington, DC 20005

One Rodney Square
920 N King Street, 7th Floor
Wilmington, DE 19801
Telephone: 302-651-3220
Facsimile: 302-651-3001

Date: November 24, 2023

CLARE LOCKE LLP

By: _____
Thomas A. Clare
Elizabeth M. Locke

10 Prince Street
Alexandria, Virginia 22314
tom@clarelocke.com
libby@clarelocke.com
(202) 628-7400

2

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

KYTCH, INC.

     Plaintiff,

v.

McDONALD'S CORPORATION,

     Defendant.

Case No. 3:23-cv-01998-TSH

## NOTICE OF CLAIM OF LIEN FOR ATTORNEY FEES

ATTORNEY:

Clare Locke LLP
10 Prince Street
Alexandria, Virginia 22314
tom@clarelocke.com
libby@clarelocke.com
(202) 628-7400

CLIENT:

Kytch, Inc.
3327 Seldon Court
Fremont, CA 94537

**NOTICE:** Pursuant to Va. Code § 54.1-3932, the attorney named above has claimed a lien upon the cause of action asserted by the client(s) or former client(s) named above as security for the contracted fees for services rendered in relation to the cause of action or claim asserted in the caption. Written notice of this lien is being given either within 45 days of the end of representation or (a) in causes of action sounding in tort or for liquidated or unliquidated damages on contract, before settlement or adjustment, whichever is earlier or (b) in cases of annulment or divorce, before final judgment is entered, whichever is earlier.

**NOTICE FURTHER**: that the lien arises from a contract entered into between attorney and client that expressly chooses Virginia law and requires arbitration of any dispute thereunder in Virginia administered by the American Arbitration Association. It is anticipated that any dispute as to the validity and amount of the lien must and will be determined in arbitration.

**NOTICE FURTHER**: that pursuant to Virginia Code § 54.1-3932, written notice of this lien will be provided by the undersigned to the clerk of the court in which a case may be pending, including the clerk of the U.S. District Court for the Northern District of California.

**Description of cause of action or claim upon which a lien is asserted**: actions for damages and other relief under the Lanham Act and statutory and common law of trade secrets, trade libel, tortious interference, and interference with business relations, violation of California Business & Professions Code § 17200 et seq., violation of California Business & Professions Code § 17500 et seq., and related claims, as set forth more particularly in the pleadings in the captioned action.

I, the undersigned counsel, certify that I have caused to be served a copy of this written notice to my client(s) or former client(s) listed above. I have also caused to be served a copy of this written notice to the opposing parties' attorneys or agents listed below.

| **Attorneys for Plaintiff KYTCH, INC.** | **Attorneys for Defendant McDONALD'S CORPORATION** |
|---|---|
| Jason Sheasby | Anne Shea Gaza |
| jsheasby@irell.com | gaza@rlf.com |
| IRELL & MANELLA | RICHARDS, LAYTON & FINGER |
| 1800 Avenue of the Stars, Suite 900 | One Rodney Square |
| Los Angeles, California 90067-4267 | P.O. Box 551 |
| Telephone: (310) 277-1010 | Wilmington, DE 19899 |
| Facsimile: (310) 203-7199 | Telephone: (302) 658-6541 |
| | |
| Daniel P. Watkins | Catherine Yunshan Lui |
| daniel.watkins@mwpp.com | clui@orrick.com |
| Amy McCann roller | Kristopher R Wood |
| amccannroller@mwpp.com | kristopher.wood@orrick.com |
| MEIER WATKINS | ORRICK, HERRINGTON |
| PHILLIPS PUSCH LLP | & SUTCLIFFE LLP |
| 1629 K Street, NW, Suite 300 | The Orrick Building |
| Washington, DC 20006 | 405 Howard Street |
| | San Francisco, CA 94105 |
| Brian E. Farnan | Telephone: 415.773.5571 |
| bfarnan@farnanlaw.com | Facsimile: 415.773.5579 |
| Michael J. Farnan | |
| mfarnan@farnanlaw.com | Elena C. Norman |
| FARNAN LLP | enorman@ycst.com |
| 919 N. Market Street, 12th Floor | Samantha G. Wilson |
| Wilmington, DE 19801 | swilson@ycst.com |
| Telephone: (302) 777-0300 | YOUNG, CONAWAY, |
| Facsimile: (302) 777-0301 | STARGATT & TAYLOR LLP |
| | The Brandywine Building |
| | 1000 West Street, 17th Floor |
| | P.O. Box 391 |
| | Wilmington, DE 19899-0391 |
| | Telephone: (302) 571-5029 |

Date: November 24, 2023

CLARE LOCKE LLP

By: _____
    Thomas A. Clare
    Elizabeth M. Locke

10 Prince Street
Alexandria, Virginia 22314
tom@clarelocke.com
libby@clarelocke.com
(202) 628-7400